UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY J. LEBLANC,

Plaintiff

v.

KINDRED NURSING CENTERS EAST, LLC
d/b/a EMBASSY HOUSE,

Defendant

Civil Action No. 04-CV-10193 RCL

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant, Kindred Nursing Centers East, LLC d/b/a Embassy House Skilled Nursing and Rehabilitation Center[1], hereby answers Plaintiff Larry LeBlanc's Complaint as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits that Kindred Nursing Centers East, LLC is a corporation with a place of business in Brockton, Massachusetts.

3. Defendant states that the allegations in paragraph 3 constitute a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 3.

4. In response to the first two sentences of paragraph 4, Defendant admits that Plaintiff was an employee at its facility in Brockton, Massachusetts until August, 2003 and that he was the nursing home administrator at that facility. Defendant states that sentences 3 and

---

[1] Plaintiff improperly names the Defendant as Kindred Nursing Centers East, LLC, d/b/a Embassy House.

4 of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in sentences 3 and 4 of paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant admits that Plaintiff was discharged from his employment on or about August 22, 2003, but denies the remaining allegations in this paragraph.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

## DAMAGES

10. Defendant denies the allegations in paragraph 10.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The action taken by Defendant with respect to Plaintiff's employment was taken for a legitimate business reason and was consistent with principles of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's own conduct was the proximate cause of any damages he has sustained.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the administrative prerequisites for maintaining a claim under G.L. c.149, §187.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add such additional affirmative defenses which may become apparent through discovery.

WHEREFORE, Defendant, Kindred Nursing Centers East, LLC d/b/a Embassy House Skilled Nursing and Rehabilitation Center, respectfully requests that the court:

1. Dismiss Plaintiff's Complaint in its entirety;

2. Award Judgment to Defendant on Plaintiff's Complaint;

3. Award Defendant its costs; and

4. Award such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted,

KINDRED NURSING CENTERS EAST, LLC,
d/b/a EMBASSY HOUSE SKILLED NURSING
AND REHABILITATION CENTER
By its attorneys,

*Richard W. Paterniti*

David J. Kerman, BBO#269370
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

February 9, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2004, a copy of the foregoing was delivered by first class mail to Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, 4th Floor, Boston, MA 02108.

*Richard W. Paterniti*
Jackson Lewis LLP