COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                           SUFFOLK SUPERIOR COURT

LARRY LEBLANC,

    Plaintiff

v.                                                                                Civil Action No. 03-6044G

KINDRED NURSING CENTERS EAST, LLC
d/b/a EMBASSY HOUSE,

    Defendant

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Civil Clerk's Office
       Suffolk Superior Court
       U.S. Post Office & Courthouse, 8th Floor
       90 Devonshire Street
       Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Suffolk Superior Court, has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a copy of that Notice of Removal.

                                Respectfully submitted,

                                KINDRED NURSING CENTERS EAST, LLC,
                                d/b/a EMBASSY HOUSE
                                By its attorneys,

                                _/s/ Richard W. Paterniti_____
                                David J. Kerman, BBO#269370
                                Richard W. Paterniti, BBO#645170
                                Jackson Lewis LLP
                                75 Park Plaza
                                Boston, MA 02116
January 27, 2004                (617) 367-0025

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2004, a copy of the foregoing was delivered by first class mail to Plaintiff's counsel, Paul A. Manoff, 47 Winter Street, 4th Floor, Boston, MA 02108.

*[signature: Richard W. Paterniti]*
Jackson Lewis LLP

# Commonwealth of Massachusetts

SUFFOLK, ss.                                   SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               CIVIL ACTION



                                               No. 03-6044G

Larry J. LeBlanc _____ , Plaintiff(s)

v.

Kindred Nursing Centers East, LLC _____ , Defendant(s)
d/b/a Embassy House

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ___Paul A. Manoff___

plaintiff's attorney, whose address is _47 Winter St., #4, Boston, MA 02108_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ___24th___ day of ___December___, in the year of our Lord two thousand ___and three___.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

MAS-20030919
guen

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

01/28/2004
04:17 PM

### SUCV2003-06044
### Leblanc v Kindred Nursing Centers East,LLC dba Embassy House

| | | | | | |
|---|---|---|---|---|---|
| File Date | 12/23/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 01/28/2004 | Session | G - Civil G | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 03/22/2004 | Answer | 05/21/2004 | Rule12/19/20 | 05/21/2004 |
| Rule 15 | 05/21/2004 | Discovery | 10/18/2004 | Rule 56 | 11/17/2004 |
| Final PTC | 12/17/2004 | Disposition | 02/15/2005 | Jury Trial | Yes |

**Plaintiff**
Larry J Leblanc
Active 12/23/2003

**Private Counsel** 318220
Paul A Manoff
47 Winter Street
4th floor
Boston, MA 02108
Phone: 617-542-4620
Active 12/23/2003 Notify

**Defendant**
Kindred Nursing Centers East,LLC dba Embassy House
Service pending 12/23/2003

**Private Counsel** 269370
David J Kerman
Jackson Lewis LLP
1 Beacon Street
Suite 3300
Boston, MA 02108
Phone: 617-367-0025
Fax: 617-367-2155
Active 01/28/2004 Notify

**Doing busnss as (alias)**
Embassy House
Active 12/23/2003

| Date | Paper | Text |
|---|---|---|
| 12/23/2003 | 1.0 | Complaint filed with request for trial by jury |
| 12/23/2003 | | Origin 1, Type B22, Track F. |
| 12/23/2003 | 2.0 | Civil action cover sheet filed |
| 01/27/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft.Kindred Nursing Centers East, LLC d/b/a Embassy House U. S. Dist.#(04-CV-10193RCL). |
| 01/28/2004 | | Case REMOVED this date to US District Court of Massachusetts |

case01 234023 y y y y y y

I HEREBY ATTEST AND CERTIFY ON
JAN. 29, 2004
_____, THAT THE
**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY: _____
ASSISTANT CLERK

Page 1 of 2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                          SUPERIOR COURT
                                                                      C.A. NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LARRY J. LEBLANC,                          *        03-6043
                                           *
        Plaintiff                          *
                                           *
v.                                         *        **COMPLAINT**
                                           *
KINDRED NURSING CENTERS EAST, LLC,         *
d/b/a EMBASSY HOUSE,                       *
                                           *
        Defendant                          *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Parties</u>

1. The plaintiff is a natural person who currently resides in Abington, Massachusetts.

2. The defendant, Kindred Nursing Centers East, LLC d/b/a Embassy House, is a corporation with a place of business located in Brockton, Massachusetts.

3. Venue in Suffolk County is invoked pursuant to G.L. c. 149 § 187.

4. Plaintiff was employed by the defendant for more than one year until August, 2003. His most recent position was as a nursing home administrator at defendant's nursing home located at 2 Beaumont Avenue in Brockton. In that capacity he was charged with running the nursing home and was a health care provider as defined by G.L. c. 149 § 187(a). Defendant is and was at all times material hereto, a health care facility as defined by G.L. c. 149 § 187(a).

5. At all times material hereto plaintiff performed his duties with the defendant in an exemplary, competent and more than adequate manner.

6. On or about August 22, 2003 the defendant discharged plaintiff from his position as a nursing home administrator, without giving plaintiff any meaningful explanation for his discharge.

7. Plaintiff presently remains fully capable of performing his former duties with the defendant.

8. The defendant's course of conduct towards plaintiff in discharging him was motivated by impermissible factors, namely to retaliate against plaintiff for his refusal to participate in, and/or his protests concerning, certain of defendant's practices, which practices, plaintiff reasonably believed to be in violation of law.

9. The action of defendant as alleged above constituted a violation of G.L. c. 149 § 187(b) and/or the public policy of the Commonwealth.

### Damages

10. As a result of the loss of his employment and defendants' actions as alleged above, plaintiff has incurred damages in the amount of lost earnings, and has incurred great mental anguish and suffering.

WHEREFORE, the plaintiff prays for the following relief:

A. That he be awarded damages sufficient to compensate him for his loss of earnings, past and future, and for his mental anguish and suffering;

B. That the defendant be ordered to reinstate plaintiff to his former position with defendant without loss of seniority or other benefits;

C. That he be awarded, pursuant to G.L. c. 149 § 187(d), his costs of this action including reasonable attorney's fees; and

D. That this court award him such other and further relief as it deems just and proper.

## Jury Claim

The plaintiff claims a trial by jury.

Date: 12-23-03

Larry J. LeBlanc
By his attorney,

_/s/ Paul A. Manoff_
Paul A. Manoff
47 Winter Street, 4th Floor
Boston, MA 02108
(617) 542-4620
BBO# 318220

I HEREBY ATTEST AND CERTIFY ON
JAN. 29, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _/s/_
ASSISTANT CLERK

leblanc\complaint

-3-

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 03-6044 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Larry J. LeBlanc | DEFENDANT(S) Kindred Nursing Centers East, LLC d/b/a Embassy House |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul A. Manoff 47 Winter St., Boston, MA 02108 (617) 542-4620 Board of Bar Overseers number: 318220 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( x ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
Subtotal $. . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,000+ . . . .
F. Other documented items of damages (describe)
$. . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was discharged from his employment because he refused to assist his employer in illegal activities. This court has exclusive jurisdiction pursuant to G.L. c. 149, Section 187.
$ 25,000 . . . . .
TOTAL $. . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Paul A. Manoff     DATE: 12/19/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
JAN. 29, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK