UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY J. LEBLANC,

    Plaintiff

v.

KINDRED NURSING CENTERS EAST, LLC
d/b/a EMBASSY HOUSE,

    Defendant

Civil Action No. 04-CV-10193 RCL

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties submit this Joint Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference. The parties present the following summaries of their respective positions in this case and agree and request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

### Concise Summary of Position Asserted By Plaintiff

The plaintiff was formerly employed as a nursing home administrator for a nursing home owned by defendant and located in Brockton, Massachusettts. Plaintiff was discharged in August of 2003. Plaintiff contends that he was discharged in violation of G.L. 149, Sec. 187 and/or the public policy of the Commonwealth in that the evidence will show he was discharged for failing to sign a cost report that defendant was required to submit for medicare reimbursement. Plaintiff was not allowed to see the data and costs underlying the report, so it was impossible for him to certify(as required) that the report was accurate. Moreover, plaintiff had reasonable cause to believe that the report was fraudulent, and that defendant was overbilling the medicare program for defendant's costs. Moreover, plaintiff and his supervisor, Gilbert Reis, has repeatedly clashed on other issues, wherein Reis showed that he was not interested in complying with applicable

state and/or federal regulations. Plaintiff seeks damages for lost earnings (about $96,000 per year, including benefits), as well as reinstatement to plaintiff's prior position.

## Concise Summary of Position Asserted By Defendant

Plaintiff, a former Administrator of Defendant's facility known as Embassy House Skilled Nursing and Rehabilitation Center, was employed by Defendant from approximately June, 2002 until August, 2003. Plaintiff's employment was terminated after he continually failed to complete tasks and duties assigned to him, and after it was determined that he was not effectively and adequately performing his job duties. Contrary to Plaintiff's allegations, the termination of Plaintiff's employment was not in violation of any state or federal statute or public policy, including M.G.L. c. 149, §187.

## Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| September 30, 2004 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. |
| | Defendant proposes that depositions should be limited to one day and seven hours, except each party should be allowed one exception to this rule. By permitting this exception, any unnecessary costs and expenses in having to bring a motion to the Court seeking leave for more time for one deposition can be avoided. Plaintiff objects to this proposal. |
| November 30, 2004 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| December 31, 2004 | Deadline for filing oppositions, if any, to dispositive motions. A moving party may file a reply to the opposition of the responding party. |
| February 28, 2005 | Plaintiff to disclose his experts and expert reports. |
| April 15, 2005 | Defendant to disclose its experts and expert reports. |
| May 16, 2005 | Depositions of Plaintiff's and Defendant's experts to be completed. |

The parties further understand and agree that this discovery schedule assumes the cooperation of the parties, all third party witnesses and expert witnesses. The parties further agree that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court, and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

## SETTLEMENT

Plaintiff submitted a settlement proposal this week in the amount of $96,000.00.

## CERTIFICATIONS

Local Rule 16.1(D)(3) certifications will be filed by each of the parties under separate cover. The parties decline to have a trial in front of a Magistrate.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

KINDRED NURSING CENTERS EAST, LLC,
d/b/a EMBASSY HOUSE SKILLED NURSING
AND REHABILITATION CENTER
By its attorneys,

*/s/ Richard W. Paterniti*
David J. Kerman, BBO#269370
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: March 11, 2004

LARRY J. LEBLANC,
By His Attorney,

Dated: March \_\_, 2004

_____
Paul A. Manoff (PWP)
Paul A. Manoff
47 Winter Street, 4th Floor,
Boston, MA 02108
(617) 542-4620