UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY J. LEBLANC,<br><br>Plaintiff<br><br>v.<br><br>KINDRED NURSING CENTERS EAST, LLC<br>d/b/a EMBASSY HOUSE,<br><br>Defendant | Civil Action No. 04-CV-10193 RCL |

## DECLARATION OF DOUG COLLINS

I, Doug Collins, do hereby under oath, depose and say as follows:

1. I am a resident of the State of Kentucky, and I have personal knowledge of the information contained in this affidavit.

2. I am currently employed by Kindred Healthcare Operating, Inc. ("Kindred" or "the Company") as a Financial Systems Manager. I have held this position since 2000. In this position, I am responsible for calculating the annual short-term bonus payment for the administrators of Kindred's facilities based on criteria established by the Company.

3. During 2002 and 2003, administrators were entitled to both short term and long term bonuses. Annual (short-term) bonuses are paid in March based on performance during the preceding calendar year. Therefore, in March 2003, eligible administrators received bonuses based upon their performance during calendar year 2002. For calendar year 2002, the short term bonus was determined by an individual administrator's performance in five areas. Those areas included the financial performance (earnings) of the facility, the average daily census of the facility, the accounts receivable for the facility, the quality of care provided by the facility, and the results of the annual state survey for the facility.

4. Larry LeBlanc, who was the Administrator at Embassy House Skilled Nursing

1

and Rehabilitation Center in Brockton, Massachusetts from June 2002 to August 2003, received a short term bonus in March 2003 based upon his performance during 2002. The amount of his bonus was $6,000.00. Based upon his employment commencing in late June 2002, Mr. LeBlanc was eligible for a pro-rata bonus for that calendar year of up to $12,000. Therefore, the $6,000.00 bonus that Mr. LeBlanc received in March 2003 represented only 50% of the bonus payment available to Mr. LeBlanc for calendar year 2002.

5. Mr. LeBlanc only received 50% of the available bonus for calendar year 2002 because his facility failed to meet performance goals in three separate areas including, the financial goals for the facility, the average daily census goal for the facility, and the state survey goal for the facility.

6. With respect to the financial goals for the facility for calendar year 2002, Mr. LeBlanc's facility achieved only approximately 97% of the financial target, which qualified him for only 50% of the bonus for which he was eligible in that category. When Mr. LeBlanc took over as administrator for Embassy House in June 2002, the facility had achieved 113% of its financial goals for the year, based on performance to date.

7. The average daily census for Mr. LeBlanc's facility during 2002 was also below the target, and therefore he did not receive a bonus payment for this goal.

8. Finally, because Embassy House received a total number of regulatory deficiencies by the Commonwealth of Massachusetts that was above the average number of deficiencies for all other Kindred facilities in Massachusetts, Mr. LeBlanc did not receive a bonus payment for this factor.

Signed under the pains and penalties of perjury this _25_ day of January, 2005.

_____
Doug Collins
Financial Systems Manager

2